# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAY BLOOM, AN INDIVIDUAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK R. DENTON, DISTRICT JUDGE,
Respondents,
and
TGC/FARKAS FUNDING, LLC,
Real party in Interest.

No. 84704

FILED

OCT 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges district court orders finding petitioner in contempt and awarding attorney fees as a sanction.[1]

Petitioner Jay Bloom is the manager of First 100, LLC. In November 2020, the district court entered an order confirming an arbitration award and directing First 100 to provide certain business records to real party in interest TGC/Farkas Funding, LLC (TGC) consistent with the arbitration award. When First 100 failed to do so, the district court entered an order in April 2021 holding both First 100 and

---

[1]Although petitioner has alternatively requested a writ of prohibition, he has not explained how such relief would be proper. *See Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev. 643, 649, 331 P.3d 905, 909 (2014) (recognizing that a writ of prohibition is appropriate when a district court exceeds its jurisdiction).

22-32032

Bloom in contempt for failing to comply with the November 2020 order.[2] As its bases for holding Bloom in contempt, the district court found that Bloom was both (1) First 100's alter ego and (2) First 100's "responsible party." Thereafter, the district court entered an order in June 2021 holding First 100 and Bloom jointly and severally liable for TGC's attorney fees as a sanction for their contempt.

In his writ petition, Bloom challenges the district court's April 2021 contempt order and its June 2021 sanctions order. In particular, he contends that neither of the district court's two alternative bases for finding him in contempt (and thereafter sanctioning him) was proper.

We need not address the district court's alter ego finding because we conclude that its "responsible party" finding was neither an arbitrary nor capricious exercise of discretion. *Cf. Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion."); *see also Detwiler v. Eighth Judicial Dist. Court*, 137 Nev. 202, 206, 486 P.3d 710, 715 (2021) ("Whether a person is guilty of contempt is generally within the particular knowledge of the district court, and the district court's order should not lightly be overturned. . . . Accordingly, this court normally reviews an order of contempt for abuse of discretion." (internal quotation marks, citations,

---

[2]The district court did so after holding a two-day evidentiary hearing at which Bloom testified.

and alterations omitted)).  As recognized by the district court in its April 2021 contempt order:

> The "responsible party" rule is longstanding, providing that the contempt powers of the Courts reach through the corporate veil to command not only the entity, but those who are officially responsible for the conduct of its affairs.  If a person is apprised of the Order directed to the entity, prevents compliance or fails to take appropriate action within their power for the performance of the corporate duty, they are guilty of disobedience and may be punished for contempt.

*See, e.g., Wilson v. United States*, 221 U.S. 361, 376 (1911) (recognizing the concept of the responsible-party rule); *Elec. Workers Pension Tr. Fund of Local Union #58 IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003) (same); *United States v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988) (same); *Luv N' Care, Ltd. v. Laurian*, 2019 WL 4279028, at *4 (D. Nev. Sept. 10, 2019) (same).

Bloom contends that the district court's responsible-party finding was erroneous either because (1) cases applying the responsible-party rule are nonbinding or (2) he was not actually First 100's "responsible party."  We reject Bloom's first argument because although this court has not yet formally adopted the responsible-party rule, we find the cases applying that rule to be persuasive, and Bloom has not explained why refusing to recognize the rule would be good policy.[3]  Bloom's second

---

[3]Nor does Bloom's reliance on NRS 86.371 change our decision.  That statute simply provides that an LLC's manager "is [not] individually liable for the debts or liabilities of the company" unless the articles of organization provide for such liability.  Here, the district court did not hold Bloom liable

argument is premised on the assertion that the at-issue business records were in the possession of First 100's former controller and, despite Bloom being the sole manager of First 100, he could not compel the former controller to produce the records. We are not persuaded that the district court clearly erred in rejecting this argument, given that Bloom's own testimony at the evidentiary hearing demonstrates that the former controller would have produced the documents if he were paid for his time.[4] Although Bloom alluded in his testimony to First 100 not having the financial resources to do so, the district court was within its discretion to either disregard this testimony or find that it did not change Bloom's status as First 100's responsible party.[5] *Cf. Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) ("[W]e leave witness credibility determinations to the district court and will not reweigh credibility on appeal.").

---

for any debt or liability of First 100. Rather, it held him in contempt for violating a court order and sanctioned him accordingly.

[4]Bloom contends that First 100's Operating Agreement requires a person requesting books and records to pay for them and "that no court order says [TGC] is absolved from having to pay for the production of the books and records." This contention is belied by the district court's November 2020 order, which in no uncertain terms "absolved" TGC of that responsibility.

[5]Notably, First 100 was able to post a roughly $150,000 supersedeas bond to cover the sanction award. Both parties agree that after the previous related appeals were resolved in Docket Nos. 82794 and 83177, this bond was released and only $1,606.85 of the sanction award remained unsatisfied (representing accrued interest). TGC contends that, in light of the bond's release, this writ petition is moot. While this argument is well-taken, we nevertheless entertain this petition because Bloom continues to challenge his liability for the remaining $1,606.85.

In sum, we are not persuaded that the district court abused its discretion in holding Bloom in contempt under a responsible-party theory and in subsequently holding him liable for the contempt sanctions. We therefore

ORDER the petition DENIED.[6]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:    Mark R. Denton, District Judge
       Maier Gutierrez & Associates
       Garman Turner Gordon
       Eighth District Court Clerk

---

[6]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.